UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
CLAUDIANNE SAINT LOUIS,                           :
                                                  :
                            Plaintiff,            :
                                                  :          25-CV-08832 (VEC)
              -against-                           :
                                                  :          OPINION AND ORDER
SPECIALTY1 PARTNERS, ENDODONTIC                   :
ASSOCIATES OF GREATER NEW YORK, P.C., :
and NEW YORK CITY ENDODONTICS P.C.,               :
                                                  :
                            Defendants.           :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff, Claudianne Saint Louis, a dental assistant, sued Specialty1 Partners

("Specialty1"), Endodontic Associates of Greater New York, P.C. ("Endodontic Associates"),

and New York City Endodontics P.C. ("NYC Endodontics") pursuant to the Age Discrimination

in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. (the "ADEA"), the New York State Human

Rights Law, N.Y. Exec. L. §§ 290 *et seq*. (the "NYSHRL"), and the New York City Human

Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. (the "NYCHRL").  Am. Compl., Dkt. 17 ¶¶ 2,

47–68.  Defendants moved to dismiss.  Mot. to Dismiss, Dkt. 20 (the "Motion" or "Mot.").  The

Motion is GRANTED.  The ADEA claim is DISMISSED WITH PREJUDICE.  The Court

DECLINES to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims;

accordingly, they are DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**[1]

Plaintiff became a dental assistant with Endodontic Associates in 1991.  Am. Compl. ¶ 26.  She remained with the corporation for thirty-four years, during which time she consistently received favorable feedback.  *See id.* ¶¶ 28–29, 39.[2]  "In recent years," Endodontic Associates was sold to Specialty1.  *Id.* ¶¶ 31–32.  In August 2024, the two dentists for whom Plaintiff had worked for decades retired, and she began working for a dentist and field manager from Specialty1.  *Id.* ¶¶ 31–33.

In November 2024, Karla Gale, a 45-year-old dental assistant, was hired, ostensibly to assist the same dentist to whom Plaintiff had begun reporting.  *Id.* ¶ 38. According to Plaintiff, Gale was hired as part of a "discriminatory plan" orchestrated by Defendants to "replace [Plaintiff] with a younger employee."  *Id.* ¶ 36.  She alleges that Gale fabricated a narrative about Plaintiff being unhelpful, and persuaded managers to adjust Plaintiff's "long-standing work hours of 7:45 A.M. to 4:30 P.M. to a new schedule of 8:00 A.M. to 5:00 P.M."  *Id.* ¶¶ 39–40.  In

---

[1]     At the motion to dismiss stage, the Court accepts as true all well-pled factual allegations in the Amended Complaint and draws all reasonable inferences in the light most favorable to Plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

[2]     There are multiple numbering errors in the Amended Complaint.  The first paragraph numbered 36 is followed by paragraphs numbered 34, 35, 36, and so on.  Am. Compl. at 7.  Likewise, the first paragraph numbered 42 is followed by paragraphs numbered 41, 42, 43, and so on.  *Id.* at 8–9.  As a result, the paragraphs after the first paragraph numbered 36 are not labeled accurately and, in some cases, there are multiple paragraphs labeled with the same number.  For clarity, the Court will refer to each paragraph of the Amended Complaint as if it were numbered correctly, irrespective of how it is labeled (*e.g.*, the Court's citation to paragraph 39 of the Amended Complaint refers to the second paragraph labeled as paragraph 36 on page 7 of the Amended Complaint).

January 2025, Gale, in the presence of another staff member, accused Plaintiff of being "rude and inattentive to her needs." *Id.* ¶ 41.

Several days later, the field manager notified Plaintiff that she had been terminated. *Id.* ¶ 45. No explanation was given for the termination. *Id*. ¶ 46. Plaintiff was 60 years old at the time. *Id*.

Plaintiff filed this action in October 2025. *See* Compl., Dkt. 1. Defendants first moved to dismiss in January 2026, *see* First Mot. to Dismiss, Dkt. 14; in response, Plaintiff amended her complaint, *see* Am. Compl. In February 2026, Defendants moved to dismiss the Amended Complaint. *See* Mot. Plaintiff opposed. *See* Opp.

## DISCUSSION

### I.    Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). At this stage, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (quoting *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (alterations omitted)). A claim is facially plausible when the factual content pled allows a court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not

suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney, & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (cleaned up).

## II.    ADEA

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1).  To survive a motion to dismiss, "a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was the 'but-for' cause of the adverse action.  The plaintiff need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination, but [s]he must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) (quoting *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31–32 (2d Cir. 2016) (summary order)) (citations omitted).

Plaintiff has not pled facts sufficient to support even a minimal inference that age was the but-for cause of her dismissal.  Indeed, the sole allegation in the Amended Complaint that even relates to age is the fact that Plaintiff was ultimately "replace[d]" by Gale, who is fifteen years younger than Plaintiff.  Am. Compl. ¶¶ 1, 5, 38.  Even if the Court were to credit Plaintiff's conclusory assertion that such conduct amounted to "a discriminatory plan to replace her with a younger employee" (which it need not do, because Plaintiff pleads no specific facts to support the notion that any such plan existed), it still would not be able to infer that Defendants preferred Gale to Plaintiff *because* she was younger.  *Id.* ¶ 37.  Indeed, Plaintiff does not allege that any Defendant ever commented on, or even knew about, Plaintiff's or Gale's ages.  Courts in this Circuit have consistently held that the fact that an employee was ultimately replaced by someone

4

younger is not, on its own, sufficient to support an inference that the employee's termination was motivated by age discrimination. *See Burger v. New York Inst. of Tech.*, 94 F.3d 830, 833 (2d Cir. 1996) (a hypothetical "older employee could not prevail on an ADEA claim simply because a younger . . . employee continued to be employed by the company in a similar [role], no matter how identical their responsibilities"); *Marcus*, 661 F. App'x at 33 ("Without more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive."); *Liburd v. Bronx Lebanon Hosp. Center*, No. 07-CV-11316, 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008) ("Although [the plaintiff] alleges that she was replaced by a younger employee, this, without more, is not enough to survive a motion to dismiss.").

Elsewhere in the Amended Complaint, Plaintiff asserts that her termination was pretextual, given her "thirty-four-year reputation for being exceptionally helpful and considerate," Am. Compl. ¶ 39, and that the conflict between Gale and herself was "manufactured" by Gale and, apparently, Defendants, *id.* ¶ 45. Even if the Court were to credit these characterizations (which, again, it need not, because they are not supported by any facts), they still would not provide any basis from which to infer that Defendants' supposed animus toward Plaintiff was driven by her age. *See Zucker v. Five Towns Coll.*, No. 09-CV-4884 JS AKT, 2010 WL 3310698, at *3 (E.D.N.Y. Aug. 18, 2010) ("[E]ven if the Court credited [the plaintiff's] largely conclusory allegation that he received pretextual criticism, it is purely

speculative to infer that the criticism was a 'pretext' for age discrimination instead of something entirely different, such as personal dislike for [the plaintiff].").

In short, Plaintiff has failed to plead any facts from which the Court can infer plausibly that age discrimination played any role in her termination.[3]

### III.    NYSHRL and NYCHRL

Having disposed of the only federal claim in the Amended Complaint, the Court must determine whether to exercise supplemental jurisdiction over the remaining NYSHRL and NYCHRL claims.  To make that determination, the Court must consider whether declining jurisdiction serves "the values of judicial economy, convenience, fairness, and comity."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quotation marks and citation omitted).  In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Discovery has not begun in this matter, nor has trial been scheduled.  The Court, therefore, sees no reason to deviate from the ordinary rule that the dismissal of all federal claims

---

[3]    Because Plaintiff's claim of age discrimination fails on the merits, the Court need not address Defendants Specialty1 and NYC Endodontics's arguments that they cannot be sued because they did not actually employ Plaintiff.

deprives the federal court of subject matter jurisdiction.  Accordingly, the Court declines to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED.  Because Plaintiff has already amended her complaint once in response to a motion to dismiss that raised many of the defects identified in this opinion, *see* Def. Mem. in Support of First Mot. to Dismiss, Dkt. 15 at 13–15, and she has not explained how such defects could be cured upon further amendment, the ADEA claim is DISMISSED WITH PREJUDICE.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014) (dismissal with prejudice is appropriate where the plaintiff "already amended its complaint once following Defendant's first motion to dismiss for failure to state a claim" and still "failed to resolve its pleading deficiencies").  The Court DECLINES to exercise supplemental jurisdiction over the remaining claims, which are DISMISSED WITHOUT PREJUDICE.  The Clerk of the Court is directed to terminate any open motions and to CLOSE the case.

**SO ORDERED.**

Date:  **May 7, 2026**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

7